United States District Court
Southern District of Texas
**ENTERED**
February 28, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MYR GARCI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-2953 |
| | § | |
| COAST PROFESSIONAL INC. and | § | |
| U.S. DEPARTMENT OF EDUCATION, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM AND RECOMMENDATION**

Pending before the court[1] is Plaintiff's Request for a Temporary Restraining Order (Doc. 1). Having considered Plaintiff's pleading and the hearing testimony, the court **RECOMMENDS** that the request be **DENIED**.

On August 27, 2018, Plaintiff, pro se, filed a letter with the court requesting "a court order to stop the [g]arnishment of [her] [s]alary until this lawsuit that I am filing today gets settled."[2] The only facts that Plaintiff alleged were:

> [Defendant] Coast Professional Inc. requested $942.50 a month from [her] salary to pay for a loan in the amount of 50,000 dollars. [She] owe[s] only about 20,000= [sic] and can't accept to make payments on an amount of money [she] does not owe.[3]

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 3, Ord. Dated Aug. 27, 2018.

[2] Doc. 1, Pl.'s Req. for TRO pp. 1-2.

[3] Id. pp. 2-3.

After service was effected, both Defendants filed motions to dismiss.[4] On December 3, 2018, Plaintiff filed a request for a formal hearing "to present to the court copies of the [U.S. Treasury Department] with the amount of money that was withheld to pay for the student loan prior to the Concondia [sic] University [l]oan."[5]

On December 21, 2018, the court held a hearing, which was attended by all parties.[6] Plaintiff stated that she was contesting the decision to garnish her salary and disputed the amount that Defendants were seeking in repayment.[7] She represented that the deduction of the garnished amount was causing her "so much hardship and deprivation."[8] Plaintiff asked that Defendants reconsider her account and correct the mistake.[9] According to Plaintiff, all of her canceled checks and other paperwork were lost in Hurricane Harvey, and the only documentation she possessed addressed amounts deducted for loan repayment from her income tax refunds.[10]

The court instructed Defendant U.S. Department of Education to

---

[4] See Doc. 15, Def. Coast Prof'l Inc.'s Mot. to Dismiss; Doc. 16, Def. U.S. Dep't of Educ.'s Mot. to Dismiss.

[5] Doc. 17, Pl.'s Mot. for Formal Hr'g.

[6] See Doc. 19, Min. Entry Ord. Dated Dec. 21, 2018.

[7] See Audio Tr. of Hr'g Dated Dec. 21, 2018.

[8] See id.

[9] See id.

[10] See id.

provide Plaintiff, within thirty days after the funding of Government appropriations, a payment schedule with an explanation of the calculation of the balance and a list of credits that had been applied.[11] The court also asked the parties to inform the court whether they were able to agree upon a payment plan.[12] Regarding the request for temporary restraining order, the court declined to grant the requested relief.[13]

On February 27, 2019, Defendant U.S. Department of Education filed a supplement to its pending motion to dismiss in which it informed the court that Garci defaulted on the student loan obligation on May 1, 2017, and that a payment schedule could not be agreed upon at this time.[14] The supplement detailed the amount and history of the loan and attached supporting documents, including loan applications and loan histories.[15]

To obtain a temporary restraining order, as for a preliminary injunction, the party seeking that relief must demonstrate the following four elements: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if

---

[11] See Audio Tr. of Hr'g Dated Dec. 21, 2018; Doc. 19, Min. Entry Dated Dec. 21, 2018.

[12] See Audio Tr. of Hr'g Dated Dec. 21, 2018; Doc. 19, Min. Entry Dated Dec. 21, 2018.

[13] See Audio Tr. of Hr'g Dated Dec. 21, 2018.

[14] See Doc. 20, Def.'s Suppl. to the Mot. to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) & 12(b)(6).

[15] See id.

the injunction is denied; (3) that the threatened injury outweighs any prejudice the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest." Dresser-Rand Co. v. Schutte & Koerting Acquisition Co., Civil Action No. H-12-184, 2012 WL 460275, at *5 (S.D. Tex. Feb. 13, 2012). A party seeking a preliminary injunction must carry its burden on all four requirements. See Jordan v. Fisher, 823 F.3d 805, 809 (5th Cir. 2016).

Plaintiff has failed to produce any evidence of her likelihood of success on the merits of this loan dispute. Plaintiff's initial request contained insufficient factual details, and her presentation at the hearing also failed to support her likelihood of success. Accordingly, the court finds that Plaintiff has failed to meet her burden for the issuance of a temporary restraining order.

Based on the foregoing, the court **RECOMMENDS** that the request be **DENIED**. The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. The original of any written objections shall be filed with the United States District

Clerk electronically.  Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 28th day of February, 2019.

_____
U.S. MAGISTRATE JUDGE