United States District Court
Southern District of Texas
**ENTERED**
July 19, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MYR GARCI, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-18-2953 |
| § | |
| COAST PROFESSIONAL, INC., and § | |
| U.S. DEPARTMENT OF EDUCATION, § | |
| § | |
| Defendants. § | |

### **AMENDED MEMORANDUM, RECOMMENDATION and ORDER**

Pending before the court[1] is Defendant Coast Professional, Inc.'s ("Coast") Motion to Dismiss (Doc. 15) and Defendant United States Department of Education's ("DOE") Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Doc. 16). For the reasons stated below, it is **RECOMMENDED** that Defendant Coast's Motion to Dismiss be **GRANTED** and that Defendant DOE's Motion to Dismiss be **DENIED**.

### **I. Case Background**

On August 27, 2018, Plaintiff filed this action seeking an order enjoining the defendants from garnishing her wages for unpaid student loan balances.[2] Plaintiff alleged that she was flooded during Hurricane Harvey, and, if her salary was garnished in the proposed amount of $942.50 per month, she would be unable to make

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 3, Ord. Dated Aug. 27, 2018.

[2] See Doc. 1-2, Orig. Compl. pp. 1-2.

repairs on her home.³

On December 21, 2018, the court held a hearing, which was attended by all parties.⁴ Plaintiff stated that she was contesting the decision to garnish her salary and disputed the amount that Defendants were seeking in repayment.⁵ She represented that the deduction of the garnished amount from her pay was causing her "so much hardship and deprivation."⁶ Plaintiff asked that Defendants reconsider her account and correct the mistake.⁷ According to Plaintiff, all of her canceled checks and other paperwork were lost in Hurricane Harvey, and the only documentation she possessed addressed amounts deducted for loan repayment from her income tax refunds.⁸

The court instructed Defendant DOE to provide Plaintiff with a repayment schedule, an explanation of the calculation of the loan balances and a list of credits that had been applied to each loan.⁹ The court also asked the parties to inform the court whether they were able to agree upon a payment plan.¹⁰

---

3   See id. p. 2.

4   See Doc. 19, Min. Entry Ord. Dated Dec. 21, 2018.

5   See Audio Tr. of Hr'g Dated Dec. 21, 2018.

6   See id.

7   See id.

8   See id.

9   See id.

10  See id.

On February 28, 2019, the undersigned recommended that Plaintiff's motion for a temporary restraining order be denied.[11] Plaintiff appealed the denial of injunctive relief on March 15, 2019, to the Fifth Circuit.[12] The recommendation was adopted by the district court on March 27, 2019.[13]

After service of process both defendants filed motions to dismiss. Each motion raised the factual insufficiency of the complaint as the reason the suit should be dismissed. Defendant DOE also raised a subject matter jurisdiction challenge to Plaintiff's suit. On May 28, 2019, the court entered a Memorandum and Recommendation that the motions be denied.[14]

Defendant DOE timely objected to the Memorandum and Recommendation and filed additional documents in support of its motion to dismiss.[15] Plaintiff has not responded to Defendant DOE's objections. The court reconsiders the motions to dismiss in light of Defendant DOE's objections.

## II.  Dismissal Standards

Pursuant to Rule 12(b)(1), dismissal of an action is appropriate whenever the court lacks subject matter jurisdiction.

---

[11]   See Doc. 21, Mem. & Rec. Dated Feb. 28, 2019.

[12]   See Doc. 22, Not. of Appeal.

[13]   See Doc. 25, Ord. Adopting Mem. & Rec. Dated Mar. 27, 2019.

[14]   See Doc. 26, Mem. & Rec. Dated May 28, 2019.

[15]   See Doc. 27, Def.'s DOE's Objs. to Mem. & Rec.

Fed. R. Civ. P. 12(b)(1), 12(h)(3).  The party asserting jurisdiction bears the burden of proof to show that jurisdiction does exist.  Gilbert v. Donahoe, 751 F.3d 303, 307 (5th Cir. 2014)(citing Ramming v. United States, 281 F.3d 158, 161 (5th Cir.2001)).

The court may decide a motion to dismiss for lack of jurisdiction on any of three bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  Ramming, 281 F.3d at 161 (citing Barrera-Montenegro v. United States, 74 F.3d 657, 659 (5th Cir. 1996)).  The court, in determining whether it is properly vested with subject matter jurisdiction, is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case."  Krim v. pcOrder.com, Inc., 402 F.3d 489, 494 (5th Cir. 2005)(quoting Montez v. Dep't of Navy, 392 F.3d 147, 149 (5th Cir. 2004)).

Rule 12(b)(6) allows dismissal of an action whenever the complaint, on its face, fails to state a claim upon which relief can be granted.  The court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts.  Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 803 n.44 (5th Cir. 2011)(quoting True v. Robles, 571 F.3d 412, 417 (5th Cir. 2009)).

A complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. In other words, the factual allegations must allow for an inference of "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678.

### III. Analysis

In its pending motion, Defendant DOE argues that the court lacks subject matter jurisdiction over Plaintiff's claims, and both defendants complain that Plaintiff has failed to state a claim for relief. Plaintiff failed to respond to either of these motions directly, but in other filings asks the court to reduce her loan balance and find the garnishment to be excessive.

**A. Defendant DOE**

The court first considers whether it has subject matter jurisdiction over Plaintiff's claims. Plaintiff is proceeding pro se and has failed to direct the court to the basis for federal

jurisdiction. Therefore, the court must consider if it has subject matter jurisdiction without assistance from Plaintiff.

Section 702 of the Administrative Procedures Act ("APA") is a limited waiver of sovereign immunity and allows a party who is aggrieved by a final agency action to challenge that decision in a United States district court. See 5 U.S.C. § 702; see also Drake v. U.S. Dep't of Educ., Civil Action No. 3:14CV30, 2015 WL 667611 at *2 (S.D. Miss. Feb. 17, 2015)(finding that the court had jurisdiction to review a final administrative-wage-garnishment decision under the APA); see also 31 C.F.R. § 285.11(f)(12)(which provides that the hearing official's decision will be the final agency decision for purposes of judicial review under the APA). The applicable regulation, 31 C.F.R. § 285.11, sets out a procedure by which a federal agency may conduct a wage garnishment hearing. At the time of the court's initial ruling, it was not clear if Plaintiff had invoked the administrative procedures to challenge the wage garnishment.

In its objections to the court's Memorandum and Recommendation, Defendant DOE submitted its February 7, 2019 decision from Plaintiff's wage garnishment hearing. In its decision, Defendant DOE found that Plaintiff's student loan debt was valid and past due.[16] The DOE hearing official overruled Plaintiff's objection that she had not been contacted about the

---

[16] See Doc. 27-1, Ex. A to Def.'s Objs. to Mem. & Rec. p. 2.

past-due student loans, finding that Plaintiff had an obligation to keep Defendant DOE informed of her current address.[17]

The hearing official further found that Plaintiff was not eligible for loan forgiveness because her loans were in default and rejected her request for a reduced garnishment amount based on Plaintiff's failure to submit a completed financial disclosure statement.[18] The February 7, 2019 decision affirmed the garnishment of Plaintiff's wages at the rate of fifteen percent of her disposable pay, an amount authorized by the regulations.[19]

The hearing official concluded by stating, "If you disagree with this decision, you may have this decision reviewed by bringing a lawsuit in a Federal District Court."[20] There is no indication in the record that Plaintiff sought reconsideration of this decision, therefore the February 7, 2019 decision is the final agency decision. See Drake, 2015 WL 667611 at *2.

In light of the newly produced information, the court finds that it has subject matter jurisdiction to hear Plaintiff's APA challenge to the final agency decision of Defendant DOE. As Plaintiff has failed to raise any other jurisdictional bases for the court's consideration, the court's sole task is to conduct an

---

[17] See id.

[18] See id. pp. 2-3.

[19] See id.

[20] See id. p. 4.

APA review of DOE's February 7, 2019 opinion.

In order to conduct a review of Defendant DOE's decision, the court must have the entire administrative record, that is, "the administrative record already in existence, not some new record made initially in the reviewing court." See Camp v. Pitts, 411 U.S. 138, 142 (1973). The court is in possession of several agency records concerning Plaintiff's challenge to the past-due amounts of her student loans. **It is ORDERED that Defendant DOE file a motion for summary judgment, along with the authenticated administrative record along and an explanatory affidavit supporting its calculations of the loan balances, by September 30, 2019.** Plaintiff's response will be due by October 21, 2019.

Because the court finds it has subject matter jurisdiction to conduct an APA review of Defendant DOE's decision, it does not reach Defendant DOE's alternative grounds for dismissal which do not address an APA review. Defendant DOE's motion to dismiss should be denied.

B. **Coast Professional, Inc.**

Defendant Coast argues that Plaintiff made no specific allegation against it in the complaint and the court agrees that it appears that Plaintiff only complains about the Wage Garnishment Order which was issued by Defendant DOE. There is no allegation of any particular wrongdoing by Defendant Coast, other than its attempts to enforce collection of the past-due student loans

through garnishment of Plaintiff's wages.

Because the crux of Plaintiff's dispute concerns the amount of her student loan debt and the amount of the wage garnishment, both of which stem from calculations and decisions made by Defendant DOE, Plaintiff has failed to state a claim directly against Defendant Coast. Defendant Coast's motion to dismiss should be granted.

### IV. Conclusion

It is therefore **RECOMMENDED** that Defendant DOE's Motion to Dismiss (Doc. 16) be **DENIED** and that Defendant Coast's Motion to Dismiss (Doc. 15) be **GRANTED.**

The Clerk shall send copies of this Amended Memorandum, Recommendation and Order to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 19th day of July, 2019.

9

_____
Nancy K. Johnson
United States Magistrate Judge