United States District Court
Southern District of Texas
**ENTERED**
March 30, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MYR GARCI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-2953 |
| | § | |
| COAST PROFESSIONAL INC. and | § | |
| U.S. DEPARTMENT OF EDUCATION, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court[1] is Defendant U.S. Department of Education's ("DOE") Motion for Summary Judgment (Doc. 32). The court has considered the motion, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that the motion be **GRANTED**.

### I. Case Background

On August 27, 2018, Plaintiff, pro se, filed this action seeking an order enjoining Defendants from garnishing her wages for unpaid student loan balances.[2] Plaintiff sought a temporary restraining order ("TRO") ceasing garnishment until resolution of this lawsuit.[3] Plaintiff alleged that Defendants had requested that $942.50 per month be garnished from her salary and that, if

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 3, Ord. Dated Aug. 27, 2018.

[2] See Doc. 1-2, Pl.'s Orig. Compl. pp. 1-2.

[3] See Doc. 1, TRO.

enforced, she would not be able to afford repairs needed on her home as a result of damage caused by Hurricane Harvey.[4] She also disputed the amount Defendants claimed she owed on the loan.[5]

After service was effected, Defendants filed motions to dismiss, which both contended that Plaintiff's complaint lacked sufficient factual allegations.[6] Defendant DOE also argued that the court lacked subject matter jurisdiction.[7] Plaintiff did not file responses to the motions.

On December 21, 2018, the court held a hearing, at which Plaintiff explained that she was contesting the decision to garnish her salary and that she disputed the amount that Defendants were seeking in repayment.[8] She represented that the deduction of the garnished amount from her pay was causing her "so much hardship and deprivation."[9] Plaintiff asked that Defendants reconsider her account and correct the mistake.[10] The court instructed Defendant DOE to provide Plaintiff with a repayment schedule, an explanation

---

[4] See Doc. 1, TRO p. 1; Doc. 1-2, Pl.'s Orig. Compl. p. 2.

[5] See Doc. 1, TRO p. 1.

[6] See Doc. 15, Def. Coast Prof'l Inc.'s Mot. to Dismiss; Doc. 16, Def. DOE's Mot. to Dismiss.

[7] See Doc. 16, Def. DOE's Mot. to Dismiss.

[8] See Doc. 19, Min. Entry Ord. Dated Dec. 21, 2018; Audio Tr. of Hr'g Dated Dec. 21, 2018.

[9] Audio Tr. of Hr'g Dated Dec. 21, 2018.

[10] See id.

of the calculation of the loan balances, and a list of credits that had been applied to each loan.[11]

On February 27, 2019, Defendant DOE filed a supplement to its motion to dismiss in which it informed the court that Plaintiff defaulted on the student loan obligation on May 1, 2017.[12] The supplement detailed the amount and history of the loan and attached supporting documents, including loan applications and loan accountings.[13]

On February 28, 2019, the court recommended denial of Plaintiff's motion for a temporary restraining order, and the recommendation was adopted on March 27, 2019.[14] On May 28, 2019, the court entered a Memorandum and Recommendation on Defendants' motions to dismiss, recommending that both be denied.[15] After consideration of Defendant DOE's Objections to the Memorandum and Recommendation to which Plaintiff did not respond, the court amended the Memorandum and Recommendation.[16] Therein, the court recommended that Defendant DOE's motion be denied but that

---

[11] See id.; Doc. 19, Min. Entry Ord. Dated Dec. 21, 2018.

[12] See Doc. 20, Def. DOE's Suppl. to the Mot. to Dismiss p. 2.

[13] See Doc. 20, Def. DOE's Suppl. to the Mot. to Dismiss & Attachs.

[14] See Doc. 21, Mem. & Recom. Dated Feb. 28, 2019; Doc. 25, Ord. Adopting Mem. & Recom. Dated Mar. 27, 2019.

[15] See Doc. 26, Mem. & Recom. Dated May 28, 2019.

[16] See Doc. 29, Am. Mem., Recom., & Ord. Dated July 19, 2019.

Defendant Coastal Professional Inc.'s motion be granted.[17] The Amended Memorandum, Recommendation, and Order was adopted over Defendant DOE's objections.[18] On September 30, 2019 Defendant DOE filed the pending Motion for Summary Judgment.[19] Plaintiff did not file a response.[20] In fact, the docket sheet reflects that Plaintiff was last active in this case more than a year ago when she filed an Application to Proceed In Forma Pauperis.[21]

## II.  Applicable Legal Standards

Summary judgment is warranted when the evidence reveals that no genuine dispute exists regarding any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Coastal Agric. Supply, Inc. v. JP Morgan Chase Bank, N.A., 759 F.3d 498, 504 (5th Cir. 2014). The summary judgment mechanism is "particularly appropriate" for the review of a decision of a

---

[17] See id.

[18] See Doc. 31, Ord. Adopting Mem. & Recom. Dated September 6, 2019.

[19] See Doc. 32, Def. DOE's Mot. for Summ. J.

[20] The Local Rules state that failure to respond to a motion will be taken as a representation of no opposition. L.R. 7.4. Generally, the non-moving party has twenty-one days to file a response before the lack of response is considered a lack of opposition. See L.R. 7.3. However, because the court finds it improper to grant summary judgment in this action merely because of the lack of a response, this court carefully considers the merits of the pending unanswered dispositive motion. See Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985).

[21] This was docketed as "Motion for Leave to Appeal In Forma Pauperis" and was later terminated as moot because Plaintiff previously had been granted in forma pauperis status. See Doc. 23, Mot. for Leave to Appeal In Forma Pauperis (Appl. to Proceed In Forma Pauperis); Docket Entry Dated Mar. 27, 2019.

federal administrative agency.  Girling Health Care, Inc. v. Shalala, 85 F.3d 211, 214-15 (5th Cir. 1996)(quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil § 2733 (1983)(hereinafter, "FP&P § 2733").

> The explanation for this lies in the relationship between the summary judgment standard of *no genuine issue as to any material fact* and the nature of judicial review of administrative decisions. . . . [T]he administrative agency is the fact finder. Judicial review has the function of determining whether the administrative action is consistent with the law–that and no more.

Id. at 215 (quoting FP&P § 2733).

The Administrative Procedures Act ("APA") offers a limited waiver of sovereign immunity that allows a party who is aggrieved by a final agency action to challenge that decision in a U.S. district court.  See 5 U.S.C. § 702.  In administrative proceedings for wage garnishment, the hearing official's decision is the final agency decision for purposes of judicial review under the APA.  31 C.F.R. § 285.11(f)(12); see also Drake v. U.S. Dep't of Educ., Civil Action No. 3:14CV30, 2015 WL 667611, at *2 (S.D. Miss. Feb. 17, 2015)(unpublished)(finding that the court had jurisdiction to review a final decision on wage garnishment under the APA).  A court reviewing a final agency decision "shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action."  5 U.S.C. § 706.

Final agency decisions are to be held unlawful and set aside when they are found to be, inter alia, "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law."[22] 5 U.S.C. § 706(2)(A); see also F.C.C. v. Fox Television Stations, Inc., 556 U.S. 502, 513 (2009). Examples of when an agency decision is arbitrary or capricious include when the agency relied on factors not intended by Congress, when it "entirely failed to consider an important aspect of the problem," or when it offered an explanation that was contrary to the evidence or completely implausible. Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983).

The standard of review is narrow, requiring only that an agency "examine the relevant data and articulate a satisfactory explanation for its action." F.C.C., 556 U.S. at 513 (quoting Motor Vehicle Mfrs. Ass'n of U.S., Inc., 463 U.S. at 43). A court should not substitute its own judgment in place of the agency's and should even "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." F.C.C., 556 U.S. at 513-14 (quoting Bowman Transp., Inc. v. Ark.-Best Freight Sys., Inc., 419 U.S. 281, 286 (1974)). In other words, the court should consider only whether the decision was based on the consideration of relevant factors and whether the agency committed a "clear error

---

[22] The statute includes five other reasons that final agency decisions are to be set aside. See 5 U.S.C. § 706(2)(B)-(F). Here, Plaintiff failed to allege facts that arguably raise an issue under any of the other identified bases for setting aside Defendant DOE's decision.

of judgment." Bowman Transp., Inc., 419 U.S. at 285. "The decision need only have a rational basis, and the reviewing court need not have come to the same conclusion." Boi Na Braza Atlanta, LLC v. Upchurch, 194 Fed. App'x 248, 249 (5th Cir. 2006)(unpublished).

### III. Analysis

Defendant DOE argues that its decision is not arbitrary, capricious, an abuse of discretion, or contrary to law. Without the benefit of a response from Plaintiff, the court is forced to rely on the allegations in Plaintiff's initial filings. Plaintiff alleged that the total amount of the debt was incorrect and that the amount of the garnishment was a hardship.

The hearing decision issued on February 7, 2019, is the final agency decision.[23] The hearing official overruled Plaintiff's objection that she had not been contacted about the past-due student loans, finding that Plaintiff had an obligation to keep Defendant DOE informed of her current address.[24] The hearing official further found that Plaintiff did not provide any evidence in support of her assertion that she had repaid any portion of the loans.[25] The hearing official explained that Plaintiff was not eligible for loan forgiveness because her loans were in default and

---

[23] See Doc. 32-1, Ex. A to Def. DOE's Mot. for Summ. J., Admin. Rec., Garnishment Hr'g Decision p. 1.

[24] See id. p. 2.

[25] See id.

rejected her request for a reduced garnishment amount because Plaintiff had not submitted a completed financial disclosure statement.[26]

The decision affirmed the garnishment of Plaintiff's wages at the rate of fifteen percent of her disposable pay and stated that the balance included outstanding principal in the amount of $36,772.64, accrued interest of $1,611.95, and projected collection costs of $6,869.57 as of February 1, 2019, with continuing accrual of interest on the principal.[27] The decision provided Plaintiff notice that she could request reconsideration of the decision but must submit additional evidence that would justify reconsideration and that she could file an action in federal court.[28]

The administrative record also contained Plaintiff's applications, payment correspondence, Plaintiff's objections to garnishment, Internal Revenue Service documentation, loan accountings, and chronological account activity.[29] Having reviewed the entire administrative record, the court finds that Defendant DOE examined all relevant data, responded to all of Plaintiff's objections, and articulated a clear and reasoned explanation for its action. The hearing decision specifically addressed the issues

---

[26] See id. pp. 2-3.

[27] See id. pp. 1, 3.

[28] See id. p. 3.

[29] See Doc. 32-1, Ex. A to Def. DOE's Mot. for Summ. J., Admin. Rec.

raised in this lawsuit, providing satisfactory explanations for its findings regarding the accuracy of the total amount of the debt and the alleged hardship imposed on Plaintiff by the garnishment amount. According to the final agency decision, Plaintiff failed to produce any evidence that the loan amount was incorrect and failed to complete financial disclosure statement in support of demonstrating hardship.

Accordingly, Defendant DOE's final agency decision was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law" as required by 5 U.S.C. § 706(2)(A) in order for the court to hold it unlawful and set it aside.

### IV. Conclusion

Based on the foregoing, the court **RECOMMENDS** that Defendant DOE's Motion for Summary Judgment be **GRANTED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers

of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 30th day of March, 2020.

Nancy K. Johnson
United States Magistrate Judge